# EXHIBIT "E"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

----------------------------------------

VIVIAN RIVERA-ZAYAS, as Administrator of the
Estate of ANA MARTINEZ, Deceased,

                          Plaintiff(s),

   -against-

OUR LADY OF CONSOLATION GERIATRIC CARE
CENTER, OUR LADY OF CONSOLATION
GERIATRIC CARE CENTER d/b/a OUR LADY OF
CONSOLATION NURSING AND REHABILITATIVE
CARE CENTER, and OUR LADY OF
CONSOLATION NURSING AND REHABILITATIVE
CARE CENTER,

                          Defendant(s),

----------------------------------------

**Case No.: 2:20-cv-05153-NGG-SIL**

**AFFIDAVIT OF NEW YORK STATE ASSEMBLY MEMBER RONALD T. KIM**

STATE OF NEW YORK )
COUNTY OF QUEENS  ) ss.:

I, Ronald T. Kim, being duly sworn, deposes and says:

1. I am a Member of the New York State Assembly representing the 40th Assembly District. I am Chair of the Committee on Aging, and a Member of the following Committees: Committee on Corporations, Authorities and Commissions; Committee on Education; Committee on Governmental Operations; Committee on Housing; Black, Puerto Rican, Hispanic & Asian Legislative Caucus; and the Puerto Rican/Hispanic Task Force.

2. I am the Sponsor of Assembly Bill A03397, titled "An act to repeal article 30-d of the public health law relating to the emergency or disaster treatment protection act". A copy of the Assembly Memorandum in Support of Legislation is attached to this Affidavit as Exhibit "A".

3. As stated in the Memorandum, the Purpose of the Bill is as follows: "This bill repeals Article 30-D of the Public Health Law (colloquially known as the Emergency or Disaster Treatment Protection Act) with the intent of holding health care facilities, administrators, and executives accountable for harm and damages incurred."

4. As further stated in the Memorandum, the Justification for the Bill is as follows:

    As the COVID-19 pandemic has progressed in New York State, it is now apparent that negligence by administrators and executives of nursing homes has occurred at an extraordinary degree. The consequences have been tragic: as of early May 2020, nearly five thousand of New York's elderly and most vulnerable residents have succumbed to this disease, and to date, there has been zero accountability nor transparency for these preventable deaths. The ELFA bill (A.9506/S.7506) in the FY 2021 state budget bills codified Article 30-D of the Public Health Law. In particular, Article 30-D egregiously uses severe liability standards as a means to insulate health care facilities and specifically, administrators and executives of such facilities, from any civil or criminal liability for negligence. Repealing this article is a much-needed step to holding health care administrators accountable and doing everything possible to stop even more preventable deaths from happening.

5. As set forth by the Assembly Memorandum, the purpose of the Bill is twofold: 1) to hold health care facilities, administrators, and executives accountable for failures which led to the deaths of thousands of nursing homes residents, including inadequate preparation, failure to follow protocols, and inadequate care relating to COVID-19 during the COVID-19 emergency period, and 2) to stop even more preventable deaths from occurring in the future.

6. As the Sponsor of the Bill, I want to make it clear that the Bill was intended to retroactively repeal the unfair immunity law so as to afford victims of nursing home negligence their day in Court should they so choose, and seek justice pursuant to the available causes of action under state law which provide civil remedies to protect nursing home residents. To be certain, the intent of the law is to repeal the Emergency or Disaster Treatment Protection Act, Public Health Law Article 30-D, retroactively as of March 7, 2020.

7. The retroactive intent of the subject Bill was made known to the entire voting body during the Assembly Floor Debate on March 4, 2021, prior to the Assembly vote. During the Assembly Floor Debate, as the Sponsor of the Bill, I was questioned as to whether the Bill was intended to retroactively repeal the immunity law, and I testified unequivocally that it should be applied retroactively. A copy of the relevant Assembly testimony is attached to this Affidavit as Exhibit "B".

8. After the Floor Debate, the Bill passed through the Assembly by a vote of 149 to 1, and on April 6, 2021, NYS Governor Cuomo signed this legislation into law which fully repeals the State's COVID-19 immunity statute, the Emergency or Disaster Treatment Protection Act (EDTPA) under Article 30-D of the Public Health Law.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Queens, New York
    April 15, 2021

Ronald A. Kim

Sworn to before me this 15th
day of April, 2021

Notary Public

GRACIETE G LAZO
NOTARY PUBLIC STATE OF NEW YORK
NASSAU COUNTY
LIC. # 01LA6352859
COMM. EXP. ___1/9/2025___

# EXHIBIT A

**A03397 Summary:**

BILL NO      A03397

SAME AS      SAME AS

SPONSOR      Kim

COSPNSR      Gottfried, Weinstein, Epstein, Jacobson, Byrnes, Montesano, Niou, Glick, Rosenthal L, Barron, Griffin,
             McDonough, Steck, Carroll, Cymbrowitz, Hevesi, Simon, Quart, Zinerman, Abinanti, Seawright, Mitaynes, Jackson,
             Anderson, Thiele, DeStefano, Lawler, Hawley, Salka, Tague, Simpson, Kelles, Vanel, Lunsford, Cahill, Pichardo,
             Richardson, Bronson, Zebrowski, Williams, Bichotte Hermelyn, Sayegh, Dinowitz, Gonzalez-Rojas, Gallagher,
             Forrest, Nolan, Clark, Perry, Santabarbara, Peoples-Stokes, Hunter, Blankenbush, Miller M

MLTSPNSR     Sillitti

Rpld Art 30-D, Pub Health L

Repeals the emergency or disaster treatment protection act which protects health care facilities and health care
professionals from liability that may result from treatment of individuals with COVID-19 under conditions resulting from
circumstances associated with the public health emergency.

**A03397 Actions:**

BILL NO      A03397

01/26/2021  referred to health
03/01/2021  reported referred to codes
03/01/2021  reported referred to rules
03/01/2021  reported
03/02/2021  rules report cal.23
03/02/2021  ordered to third reading rules cal.23
03/04/2021  passed assembly
03/04/2021  delivered to senate
03/04/2021  REFERRED TO HEALTH
03/24/2021  SUBSTITUTED FOR S5177
03/24/2021  3RD READING CAL.582
03/24/2021  PASSED SENATE
03/24/2021  RETURNED TO ASSEMBLY
04/01/2021  delivered to governor
04/06/2021  signed chap.96

**A03397 Committee Votes:**

```
HEALTH    Chair:Gottfried
DATE: 03/01/2021  AYE/NAY: 26/0  Action: Favorable refer to committee Codes

Gottfried            Aye     Byrne          Aye
Galef                Aye     McDonough      Aye
Dinowitz             Aye     Byrnes         Aye
Cahill               Aye     Ashby          Aye
Paulin               Aye     Miller         Aye
Cymbrowitz           Aye     Salka          Aye
Gunther              Aye     Jensen         Aye
Rosenthal L          Aye
Hevesi               Aye
Steck                Aye
Abinanti             Aye
Braunstein           Aye
Solages              Aye
Bichotte             Aye
Barron               Aye
Sayegh               Aye
Rosenthal D          Aye
McDonald             Aye
Reyes                Aye

CODES    Chair:Dinowitz
DATE: 03/01/2021  AYE/NAY: 22/0  Action: Favorable refer to committee Rules

Dinowitz             Aye     Morinello      Aye
Pretlow              Aye     Giglio         Aye
Cook                 Aye     Montesano      Aye
Cymbrowitz           Aye     Reilly         Aye
O'Donnell            Aye     Mikulin        Aye
Lavine               Aye     Tannousis      Aye
Perry                Aye
Abinanti             Aye
Weprin               Aye
Hevesi               Aye
Fahy                 Aye
Seawright            Aye
Rosenthal            Aye
Walker               Aye
Vanel                Aye
Cruz                 Aye

RULES    Chair:Gottfried
DATE: 03/01/2021  AYE/NAY: 29/0  Action: Favorable

Heastie            Excused   Barclay        Aye
Gottfried            Aye     Hawley         Aye
Nolan                Aye     Giglio         Aye
Weinstein            Aye     Blankenbush    Aye
Pretlow              Aye     Norris         Aye
Cook                 Aye     Montesano      Aye
Glick                Aye     Ra             Aye
Aubry                Aye     Brabenec       Aye
Englebright          Aye
Dinowitz             Aye
Colton               Aye
Magnarelli           Aye
Perry                Aye
Paulin               Aye
Peoples-Stokes     Excused
Benedetto            Aye
Lavine               Aye
Lupardo              Aye
Zebrowski            Aye
Thiele               Aye
Braunstein           Aye
Dickens              Aye
Davila               Aye
```

**A03397 Floor Votes:**

| DATE: 03/04/2021    Assembly Vote | | | | | | YEA/NAY: 149/1 | |
|---|---|---|---|---|---|---|---|
| Abbate | Y | Clark | Y | Frontus | Y | Lalor | Y | Paulin | Y | Sillitti | Y |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Abbate | Y | Clark | Y | Frontus | Y | Lalor | Y | Paulin | Y | Sillitti | Y |
| Abinanti | Y | Colton | Y | Galef | Y | Lavine | Y | Peoples-Stokes | Y | Simon | Y |
| Anderson | Y | Conrad | Y | Gallagher | Y | Lawler | Y | Perry | Y | Simpson | Y |
| Angelino | Y | Cook | Y | Gallahan | Y | Lemondes | Y | Pheffer Amato | Y | Smith | Y |
| Ashby | Y | Cruz | Y | Gandolfo | Y | Lunsford | Y | Pichardo | Y | Smullen | Y |
| Aubry | Y | Cusick | Y | Giglio JA | Y | Lupardo | Y | Pretlow | Y | Solages | Y |
| Barclay | Y | Cymbrowitz | Y | Giglio JM | Y | Magnarelli | Y | Quart | Y | Steck | Y |
| Barnwell | Y | Darling | Y | Glick | Y | Mamdani | Y | Ra | Y | Stern | Y |
| Barrett | Y | Davila | Y | Gonzalez-Rojas | Y | Manktelow | Y | Rajkumar | Y | Stirpe | Y |
| Barron | Y | De La Rosa | Y | Goodell | Y | McDonald | Y | Ramos | Y | Tague | Y |
| Benedetto | Y | DeStefano | Y | Gottfried | Y | McDonough | Y | Reilly | Y | Tannousis | Y |
| Bichotte | Y | Dickens | Y | Griffin | Y | McMahon | Y | Reyes | Y | Taylor | Y |
| Blankenbush | Y | Dilan | Y | Gunther | Y | Meeks | Y | Richardson | Y | Thiele | Y |
| Brabenec | Y | Dinowitz | Y | Hawley | Y | Mikulin | Y | Rivera J | Y | Vanel | Y |
| Braunstein | Y | DiPietro | Y | Hevesi | Y | Miller B | Y | Rivera JD | Y | Walczyk | Y |
| Bronson | Y | Durso | Y | Hunter | Y | Miller ML | Y | Rodriguez | Y | Walker | Y |
| Brown | Y | Eichenstein | Y | Hyndman | Y | Mitaynes | Y | Rosenthal D | Y | Wallace | Y |
| Burdick | Y | Englebright | Y | Jackson | Y | Montesano | Y | Rosenthal L | Y | Walsh | Y |
| Burgos | Y | Epstein | Y | Jacobson | Y | Morinello | Y | Rozic | Y | Weinstein | Y |
| Burke | Y | Fahy | Y | Jean-Pierre | Y | Niou | Y | Salka | Y | Weprin | Y |
| Buttenschon | Y | Fall | Y | Jensen | Y | Nolan | Y | Santabarbara | Y | Williams | Y |
| Byrne | Y | Fernandez | Y | Jones | Y | Norris | Y | Sayegh | Y | Woerner | Y |
| Byrnes | NO | Fitzpatrick | Y | Joyner | Y | O'Donnell | Y | Schmitt | Y | Zebrowski | Y |
| Cahill | Y | Forrest | Y | Kelles | Y | Otis | Y | Seawright | Y | Zinerman | Y |
| Carroll | Y | Friend | Y | Kim | Y | Palmesano | Y | Septimo | Y | Mr. Speaker | Y |

A03397 Memo:

NEW YORK STATE ASSEMBLY
MEMORANDUM IN SUPPORT OF LEGISLATION
submitted in accordance with Assembly Rule III, Sec 1(f)

BILL NUMBER: A3397

SPONSOR: Kim

TITLE OF BILL:

An act to repeal article 30-d of the public health law relating to the
emergency or disaster treatment protection act

PURPOSE OR GENERAL IDEA OF BILL:

This bill repeals Article 30-D of the Public Health Law (colloquially
known as the Emergency or Disaster Treatment Protection Act) with the
intent of holding health care facilities, administrators, and executives
accountable for harm and damages incurred.

SUMMARY OF PROVISIONS:

Section 1 amends the Public Health Law by repealing Article 30-D.

Section 2 provides the effective date.

DIFFERENCE BETWEEN ORIGINAL AND AMENDED VERSION (IF APPLICABLE):

This is a new bill.

JUSTIFICATION:

As the COVID-19 pandemic has progressed in New York State, it is now
apparent that negligence by administrators and executives of nursing
homes has occurred at an extraordinary degree.  The consequences have
been tragic: as of early May 2020, nearly five thousand of New York's
elderly and most vulnerable residents have succumbed to this disease,
and to date, there has been zero accountability nor transparency for
these preventable deaths. The ELFA bill (A.9506/S.7506) in the FY 2021
state budget bills codified Article 30-D of the Public Health Law. In
particular, Article 30-D egregiously uses severe liability standards as
a means to insulate health care facilities and specifically, administra-
tors and executives of such facilities, from any civil or criminal
liability for negligence. Repealing this article is a much-needed step
to holding health care administrators accountable and doing everything
possible to stop even more preventable deaths from happening.

PRIOR LEGISLATIVE HISTORY:

This is a new bill.

FISCAL IMPLICATIONS FOR STATE AND LOCAL GOVERNMENTS:

None.

EFFECTIVE DATE:  Immediately upon passage.

A03397 Text:

# STATE OF NEW YORK

_____

3397

2021-2022 Regular Sessions

# IN ASSEMBLY

January 26, 2021

_____

Introduced by M. of A. KIM, EPSTEIN, JACOBSON, GOTTFRIED, BYRNES,
  MONTESANO, NIOU, GLICK, L. ROSENTHAL, BARRON, GRIFFIN, McDONOUGH,
  STECK, CARROLL, CYMBROWITZ, HEVESI, SIMON, QUART -- read once and
  referred to the Committee on Health

AN ACT to repeal article 30-d of the public health law relating  to  the
  emergency or disaster treatment protection act

  The  People of the State of New York, represented in Senate and Assem-
  bly, do enact as follows:

1    Section 1. Article 30-d of the public health law is REPEALED.
2    § 2. This act shall take effect immediately.

EXPLANATION--Matter in _italics_ (underscored) is new; matter in brackets
             [-] is old law to be omitted.
                                                          LBD02984-01-1

<u>A03397 Chamber Video/Transcript:</u>

# EXHIBIT B

NYS ASSEMBLY                                    MARCH 4, 2021

going to reassert its powers in this time of a pandemic.

I commend the sponsor and I vote in the affirmative.

ACTING SPEAKER AUBRY:  Mr. Abinanti in the affirmative.

Are there any other votes?  Announce the results.

(The Clerk announced the results.)

The bill is passed.

THE CLERK:  Assembly No. A03397, Rules Report No. 22, Kim, Gottfried, Weinstein, Epstein, Jacobson, Byrnes, Montesano, Niou, Glick, L. Rosenthal, Barron, Griffin, McDonough, Steck, Carroll, Cymbrowitz, Hevesi, Simon, Quart, Zinerman, Abinanti, Seawright, Mitaynes, Jackson, Anderson, Thiele, DeStefano, Lawler, Hawley, Salka, Tague, Simpson, Kelles, Otis, Vanel, Lunsford, Cahill, Pichardo, Richardson, Bronson, Zebrowski, Williams, Bichotte Hermelyn, Sayegh, Dinowitz, González-Rojas, Gallagher, Forrest, Nolan, Clark.  An act to repeal Article 30-d of the Public Health Law relating to the Emergency or Disaster Treatment Protection Act.

ACTING SPEAKER AUBRY:  Mr. Goodell.

MR. GOODELL:  An explanation, please.

ACTING SPEAKER AUBRY:  Mr. Kim, an explanation is requested.

MR. KIM:  Thank you, Mr. Speaker.  The bill would return to the status quo and eliminate the legal immunity from liability enacted one year ago for negligence resulting from treatment of

42

**NYS ASSEMBLY**                                    **MARCH 4, 2021**

individuals during the COVID-19 pandemic period.  The bill repeals

Article 30-d of the Public Health Law, the Emergency or Disaster

Treatment Protection Act.  The law affords healthcare facilities,

including nursing home and long-term facilities and certain

professionals and corporate executives immunity from liability, civil

or criminal, for harm or damages alleged to have been sustained as a

result of an act or omission in the course of providing healthcare

services during the COVID-19 emergency period.

      ACTING SPEAKER AUBRY:  Mr. Byrne.

      MR. BYRNE:  Mr. Speaker, will the sponsor yield

for some questions?

      ACTING SPEAKER AUBRY:  Mr. Kim, will you

yield?

      MR. KIM:  Yes.

      ACTING SPEAKER AUBRY:  The sponsor yields.

      MR. BYRNE:  Thank you, Mr. Kim.  I know you've

worked very hard on this issue and you've been very public about your

position, so I appreciate all the advocacy that you've done.  I'd like to

just make sure we get some questions clarified here.  The initial bill,

Article 30-d was put into policy through the budget last year, and we

did a partial rollback - I think it was in June or July - that basically

took away the immunity for the non-COVID-related treatment.

Would that be correct in your -- in your view, and is there any other

gaps that this repeal would fill?

      MR. KIM:  We did a partial modification of -- of

**NYS ASSEMBLY**                                    **MARCH 4, 2021**

ACTING SPEAKER AUBRY:  Thank you, sir.

Ms. Byrnes.

MS. BYRNES:  Thank you, Mr. Speaker.  If I could ask the sponsor a question, please.

ACTING SPEAKER AUBRY:  Mr. Kim, will you yield?

MR. KIM:  Yes.

MS. BYRNES:  Thank you.

ACTING SPEAKER AUBRY:  The sponsor yields.

MS. BYRNES:  In the Health Committee we were at least kind of lead to believe that the intention of this bill was not to be -- that it would not be retroactive.  Is it my understanding that as we now prepare to vote on it that you're not in a position to state that your intention is that this bill should go forward versus attempting to achieve a retroactive effect?

MR. KIM:  Again, my intent is to reinstate the status quo, and it will ultimately be up to the courts to decide whether the civil liability will be applied retroactively.  But what I can do tell you is that the -- according to the U.S. Constitution and the New York State Constitution which prohibit ex post facto criminal liability, this means it is not lawful to retroactively create a crime.  But no similar restrictions apply to civil liability.

MS. BYRNES:  All right.  As -- as the sponsor of the bill, though, is it your intent that it not be retroactive or is it your intent that it is retroactive?

48

**NYS ASSEMBLY**                                        **MARCH 4, 2021**

MR. KIM:  I believe that Article 30-d went into effect
on April 30 -- April 3rd when the bill was signed by the Executive,
and retroactively give corporate legal immunity to healthcare and
nursing home businesses going back to March 7th.  This means that
any person who might have suffered in a healthcare or nursing home
facility due to negligence during the month of March 2020 lost their
rights as patients and residents without even knowing about it.  So --
so it's also equally important to acknowledge that, you know, these
facilities acted during that time period, March 7th through April 3rd
without any reliance on the legal immunity.  So I do believe that when
we repeal this it will apply for that month.  As far as for April 3rd to
the present, you know -- you know, it will have to be determined in
court.

MS. BYRNES:  What is your intent, though?

MR. KIM:  My intent is because they did not --
because the Executive took away the patients' and the residents' rights
to get access to information and were banned from entering the
premise [sic] to prove if there was any gross negligence, if there was
any reckless behavior.  And the Executive also issued a mandate
saying that medical records are waived.  So he -- he made it
impossible to prove -- for the families to prove if there were any
reckless intentional behavior.  So as we strike this, I do believe that it
should be applied retroactively.  But again, that has to be determined
in court because it is not stated in writing in this particular piece of
legislation.

49