```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
---
VIVIAN RIVERA-ZAYAS, as Administrator of
the Estate of ANA MARTINEZ, Deceased,

      Plaintiff,

   -against-

OUR LADY OF CONSOLATION GERIATRIC
CARE CENTER, OUR LADY OF CONSOLATION
GERIATRIC CARE CENTER d/b/a OUR LADY
OF CONSOLATION NURSING AND
REHABILITATIVE CARE CENTER, and OUR
LADY OF CONSOLATION NURSING AND
REHABILITATIVE CARE CENTER,

      Defendants.

**MEMORANDUM & ORDER**

**20-CV-5153 (NGG) (JMW)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff originally brought this action in New York State Court, Kings County, for wrongful death, negligence, and violations of state public health laws. Defendants removed it on the basis of federal question jurisdiction, arguing that federal law completely preempts Plaintiff's state law causes of action. Plaintiff moved for remand and Defendants moved to dismiss. Because this court lacks subject matter jurisdiction over this action, Plaintiff's motion to remand is GRANTED and Defendants' motion to dismiss is DENIED as moot.

## I. BACKGROUND

### A. Factual History

Defendants are residential nursing and rehabilitative care facilities located in West Islip, New York. (Am. Compl. (Dkt. 1-1) at ECF pp. 41-42 ¶¶ 64-68.) Plaintiff's mother, Ana Martinez, was admitted into Defendants' care on or about January 8, 2020 and remained there until approximately March 30, 2020. (*Id.* at ECF

p. 44 ¶ 81.) Ms. Martinez contracted COVID-19 during her admission, and she passed away on April 1, 2020. (*Id.* at ECF pp. 44, 45 ¶¶ 81, 91.)

### A.     Procedural History

Plaintiff filed this action in New York Supreme Court, Kings County, asserting claims for violations of New York Public Health Laws 2801-D and 2803-C; ordinary and gross negligence; and wrongful death. (*Id.* at ECF pp. 41-55 ¶¶ 64-160.) Plaintiff seeks damages, including punitive damages, as well as attorneys' fees and costs and disbursements. (*Id.* at ECF p. 56.) On October 26, 2020, Defendants removed the action to federal court. (Not. of Removal (Dkt. 1).) Plaintiff then moved to remand the action to state court for lack of federal subject matter jurisdiction and Defendants moved to dismiss the Complaint, also for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6). (Mot. to Remand (Dkt. 8); Mem. in Support of Mot. to Remand ("Remand Mot.") (Dkt. 10); Opp. to Mot. to Remand ("Remand Opp.") (Dkt. 36); Reply in Support of Mot. to Remand ("Remand Reply") (Dkt. 37); Mot. to Dismiss (Dkt. 31-1); Mem. in Support of Mot. to Dismiss (Dkt. 31); Opp. to Mot. to Dismiss (Dkt. 33); Reply in Support of Mot. to Dismiss (Dkt. 34).) The court also authorized and received amicus briefing filed in support of Defendants' motion to dismiss and in opposition to Plaintiff's motion to remand. (Order on Request to File Amicus Briefing (Dkt. 30); Amicus Mem. in Support of Mot. to Dismiss ("Amicus Mem.") (Dkt. 38).)

## II.   DISCUSSION

To adjudicate an action removed from state court, a federal district court must have original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 or 28 U.S.C. § 1332. *See* 28 U.S.C. §§ 1441. "Under 28 U.S.C. § 1331, federal district courts have jurisdiction

over cases arising under the Constitution, laws, or treaties of the United States." *New York v. Shinnecock Indian Nation*, 686 F.3d 133, 138 (2d Cir. 2012).[1] "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

Defendants argue that the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d, 247d-6e (the PREP Act), confers federal subject matter jurisdiction over this litigation pursuant to the complete preemption doctrine. (Remand Opp. at 14.) The complete preemption doctrine, as a corollary to the well-pleaded complaint rule, applies when "the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *see also Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 271 (2d Cir. 2005) ("[A] plaintiff may not defeat federal subject-matter jurisdiction by 'artfully pleading' his complaint as if it arises under state law where the plaintiff's suit is, in essence, based on federal law."). "[T]o determine whether a federal statute completely preempts a state-law claim within its ambit, [the court] must ask whether the federal statute provides the exclusive cause of action for the asserted state-law claim." *Sullivan*, 424 F.3d at 275-76. "If so, the asserted state-law claim is in reality based on federal law" and is removable under 28 U.S.C. § 1441. *Id.* at 276. "The Supreme Court has only found three statutes to have the requisite extraordinary preemptive force to support complete preemption: § 301 of the Labor-Management Relations Act (LMRA), § 502(a) of the Employee Retirement Income Security Act (ERISA), and §§ 85 and 86 of the National Bank Act." *Id.* at 272. Defendants urge the

---

[1] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted and all alterations are adopted.

3

court to add the PREP Act as the fourth statute on that list.[2] (Remand Opp. at 14; Mot. to Dismiss at 25.)

In *Sullivan*, the Second Circuit considered whether the Railway Labor Act (RLA) conferred federal subject matter jurisdiction over state law claims under the complete preemption doctrine. 424 F.3d at 276. Critical to the court's analysis, the RLA sets out a statutory framework requiring that disputes be "heard in the first instance before arbitral panels, not courts." *Id.* at 273. Because that provision of the statute deprives federal courts of the authority to adjudicate the relevant claims in the first instance, the Second Circuit concluded that the RLA did not create an exclusive federal cause of action and remanded the claims to state court for lack of federal subject matter jurisdiction. *Id.* at 276.

This exact issue of whether the PREP Act completely preempts state law claims has been analyzed thoughtfully and thoroughly in this District in *Dupervil v. Alliance Health Operations, LCC*, No. 20-cv-4042 (PKC) (PK), 2021 WL 355137, at *8-15 (E.D.N.Y. Feb. 2, 2021). There, as here, the plaintiff originally brought state law causes of action for negligence, wrongful death, and violations of New York State public health laws in New York State Supreme Court in connection with the COVID-19-related death of the plaintiff's parent while in the care of the nursing home defendants. *See id.* at *1. And there, as here, the nursing home defendants attempted to remove the action to federal court on the grounds that the PREP Act completely preempts the state law claims. *Id.* As *Dupervil* explains in detail, however, the PREP Act establishes an administrative remedy in the first instance and therefore does not create an exclusive federal cause of action. *Id.* at *9 (citing *Sullivan*, 424 F.3d at 270, 276). Accordingly, under

---

[2] Because the PREP Act requires qualifying injured parties to first pursue certain administrative remedies prior to seeking relief in federal court, Defendants also contend that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction. (Mot. to Dismiss at 26.)

*Sullivan*, the *Dupervil* court concluded that the PREP Act did not completely preempt the plaintiff's claims and remanded the case to state court. *Id.*; *see also Garcia v. New York City Health & Hosps. Corp.*, No. 20-cv-9970 (CM), 2021 WL 1317178, at *1 (S.D.N.Y. Apr. 8, 2021) (granting plaintiff's motion to remand on the grounds that the PREP Act does not completely preempt state law claims); *Shapnik v. Hebrew Home for Aged at Riverdale*, No. 20-cv-6774 (LJL), 2021 WL 1614818, at *16 (S.D.N.Y. Apr. 26, 2021) (same). That reasoning and conclusion hold equally true here.[3][4] *See Dupervil*, 2021 WL 355137, at *9.

---

[3] The court also notes that the two-step maneuver advanced by Defendants—urging the federal court to exercise subject matter jurisdiction over this action and then dismiss Plaintiff's claims based on the unavailability of a remedy in this court—asks the court to approve the same internally inconsistent machinations that *Sullivan* expressly foreclosed. *See Sullivan*, 424 F.3d at 276.

[4] Because this case is remanded for lack of subject matter jurisdiction, the court need not address Defendants' alternate arguments for removal or their arguments for dismissal.

### III. CONCLUSION

For the reasons stated above, Plaintiff's motion to remand is GRANTED and Defendants' motion to dismiss is DENIED as moot.

SO ORDERED.

Dated:   Brooklyn, New York
         August 11, 2021

                                          /s/ Nicholas G. Garaufis
                                         NICHOLAS G. GARAUFIS
                                         United States District Judge