UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

VIVIAN RIVERA-ZAYAS, as Administrator of the Estate of ANA MARTINEZ, Deceased,

                Plaintiff,

-against-

OUR LADY OF CONSOLATION GERIATRIC CARE CENTER, OUR LADY OF CONSOLATION GERIATRIC CARE CENTER d/b/a OUR LADY OF CONSOLATION NURSING AND REHABILITATIVE CARE CENTER, and OUR LADY OF CONSOLATION NURSING AND REHABILITATIVE CARE CENTER,

                Defendants.

**MEMORANDUM & ORDER**
**20-CV-5153 (NGG) (JMW)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff's mother, Ana Martinez, contracted COVID-19 while in Defendants' care and passed away on April 1, 2020. (Am. Compl. (Dkt. 1-1).) Plaintiff brought this action for wrongful death, negligence, and violations of state public health laws in New York Supreme Court, Kings County, and Defendants removed. (*Id.*; Not. of Removal (Dkt. 1).) The case was remanded on August 11, 2021. (Mem. & Order (Dkt. 41).) Defendants appealed that decision and now seek a stay of the remand order pending decision on that appeal. (Not. of Appeal (Dkt. 46); Mot. to Stay (Dkt. 48).) For the following reasons, Defendants' motion to stay the action pending appeal is DENIED.

### I. BACKGROUND

#### A. Factual History

Defendants are residential nursing and rehabilitative care facilities located in West Islip, New York. (Am. Compl. at ECF pp. 41-42 ¶¶ 64-68.) Plaintiff's mother, Ana Martinez, was admitted into

1

Defendants' care on January 8, 2020. (*Id.* at ECF p. 44 ¶ 81.) Ms. Martinez contracted COVID-19 and passed away on April 1, 2020. (*Id.* at ECF pp. 44, 45 ¶¶ 81, 91.)

### B. Procedural History

Plaintiff filed this action in New York Supreme Court, Kings County, asserting claims for violations of New York Public Health Laws 2801-D and 2803-C; ordinary and gross negligence; and wrongful death. (*Id.* at ECF pp. 41-55 ¶¶ 64-160.) Plaintiff seeks damages, including punitive damages, as well as attorneys' fees and costs and disbursements. (*Id.* at ECF p. 56.) On October 26, 2020, Defendants removed the action to federal court. (Not. of Removal.) Plaintiff moved to remand and Defendants moved to dismiss. (Mot. to Remand (Dkt. 8); Mem. in Support of Mot. to Remand ("Remand Mot.") (Dkt. 10); Opp. to Mot. to Remand ("Remand Opp.") (Dkt. 36); Reply in Support of Mot. to Remand ("Remand Reply") (Dkt. 37); Mot. to Dismiss (Dkt. 31-1); Mem. in Support of Mot. to Dismiss (Dkt. 31); Opp. to Mot. to Dismiss (Dkt. 33); Reply in Support of Mot. to Dismiss (Dkt. 34).) The case was remanded. (Mem. & Order.) Defendants filed a notice of appeal and motion to stay the remand order pending decision on their appeal. (Not. of Appeal; Mot. to Stay.)

## II. LEGAL STANDARD

The decision to stay an action is an "exercise of judicial discretion . . . dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009).[1] Four factors guide the court's discretion: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other

---

[1] When quoting cases, unless otherwise noted, all citations and quotation marks are omitted and all alterations are adopted.

parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434. The first two factors are the "most critical." *Id.* "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433-34.

### III. APPLICATION

#### A. Likelihood of Success

Movants may satisfy the first of the four *Nken* factors by demonstrating either "a probability of success on the merits" or that they "present a substantial case on the merits." *LaRouche v. Kezer*, 20 F.3d 68, 72 (2d Cir. 1994). To meet the "substantial case" standard,[2] Defendants must establish that "a serious legal question is involved" in their appeal and that "the balance of the equities weighs heavily in favor of granting the stay." *Id.* at 72-73.

Defendants argue that their appeal involves a "serious legal question" based on guidance from the Department of Health and Human Services (HHS) and a minority of out-of-circuit court decisions. They rely on HHS guidance that purports to establish a "federal cause of action, administrative or judicial, as the only viable claim" in these kinds of cases, *see* HHS Advisory Opinion 21-01 (Jan. 8, 2021); a Fifth Circuit summary order denying appellant's request to review a district court decision that authorized removal of employees' claims against employer on federal officer grounds, *see Fields v. Brown*, 519 F. Supp. 3d 388, (E.D. Tex. 2021), *petition for interlocutory appeal denied*, No. 21-90021, Dkt. 00515906043 (5th Cir. June 21, 2021); and two out-of-circuit district court decisions, *Garcia v. Welltower OpCo Grp.*,

---

[2] Because a district court that denied relief is unlikely to conclude that the party appealing that determination is likely to succeed on the merits, Defendants in this action rely on the "substantial case" approach in support of their argument for a stay.

*LLC*, 522 F. Supp. 3d 734 (C.D. Cal. 2021) (breaking with sister district courts to hold that the PREP Act completely preempted wrongful-death related claims on the basis of *Chevron* deference to recent HHS guidance); Memorandum, *Rachal v. Natchitoches Nursing & Rehab. Ctr.*, No. 21-cv-334 (W.D. La. Apr. 30, 2021) (holding that the PREP Act completely preempted state law claims based on a textual analysis of the federal statute). (Mot. to Stay at 8-9.)

This argument is unconvincing. Parties have been litigating similar disputes throughout the ongoing COVID-19 pandemic, and district courts in this circuit have consistently held that they do not have jurisdiction over them. *See, e.g., Leroy v. Hume*, No. 20-cv-5325 (ARR) (CLP), -- F. Supp. 3d ---, 2021 WL 3560876, at *1 (E.D.N.Y. Aug. 12, 2021) ("*Leroy I*"); *Dupervil v. All. Health Operations, LCC*, 516 F. Supp. 3d 238, 241 (E.D.N.Y. 2021); *Shapnik v. Hebrew Home for Aged at Riverdale*, No. 20-cv-6774 (LJL), -- F. Supp. 3d ---, 2021 WL 1614818, at *1 (S.D.N.Y. Apr. 26, 2021); *Garcia v. New York City Health & Hosps. Corp.*, No. 20-cv-9970 (CM), 2021 WL 1317178, at *2 (S.D.N.Y. Apr. 8, 2021). That conclusion holds true outside of this circuit as well. *See, e.g., Dorsett v. Highlands Lake Ctr., LLC,* 21-cv-0910 (KKM) (AEP), 2021 WL 3879231, at *1 (M.D. Fla. Aug. 31, 2021); *Khalek v. S. Denver Rehab., LLC*, -- F. Supp. 3d ---, 20-cv-02240 (RBJ), 2021 WL 2433963, at *5-6, *8 (D. Colo. June 11, 2021). Defendants' identification of two foreign district courts which reached contrary conclusions does not nullify the broad consensus rejecting their arguments,[3] and their citation to nonbinding HHS guidance

---

[3] In addition to being an outlier nationally, *Garcia* is an anomaly within its own circuit. *See Acra v. Cal. Magnolia Convalescent Hosp., Inc.*, No. 21-cv-898 (GW), 2021 WL 2769041, at *5-6 (C.D. Cal. July 1, 2021) (collecting cases decided after *Garcia* holding that there was no federal jurisdiction over similar claims).

and a Fifth Circuit opinion declining to review an inapposite case are similarly unpersuasive.[4]

Defendants also argue that their appeal presents a "serious legal question" because it raises jurisdictional issues that have not yet received appellate consideration. (Mot. to Stay at 9.) It is true that, "under circumstances where the holding is novel, or resolves a question of first impression, a trial court might choose to stay its order pending analysis by an appellate court." *St. Claire v. Cuyler*, 482 F. Supp. 257, 258 (E.D. Pa. 1979). But where, as here, remand is consistent with the broad consensus of district courts in this circuit and nationwide, that conclusion is not warranted.

Because they have not demonstrated that their appeal presents a "serious legal question on the merits," Defendants have failed to satisfy the first *Nken* factor.

### B. Risk of Irreparable Injury to Defendants Absent a Stay

Defendants next contend that they face irreparable injury because, absent a stay, they would lose benefits conferred by the

---

[4] Defendants argue that the January 8, 2021 Advisory Opinion issued by the Office of General Counsel of the Department of Health and Human Services, which states that the PREP Act establishes a "federal cause of action, administrative or judicial, as the only viable claim," HHS Advisory Opinion 21-01, is subject to *Chevron* deference and is controlling. Agency guidance is entitled to *Chevron* deference "when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority." *Shapnik v. Hebrew Home for Aged at Riverdale*, No. 20-cv-6774 (LJL), -- F. Supp. 3d ---, 2021 WL 1614818, at *13 (S.D.N.Y. Apr. 26, 2021) (quoting *United States v. Mead Corp.*, 533 U.S. 218, 226-27 (2001).) Because the Advisory Opinion expressly states that it "does not have the force or effect of law," the court concludes that it was not "promulgated in the exercise of" delegated Congressional authority and therefore is not entitled to deference. *See id.*

federal officer removal statute and the PREP Act, and because they would be forced to bear the costs of parallel litigation in federal and state courts.[5] For the reasons explained below, the court disagrees.

"Irreparable harm is injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *New York v. United States Dep't of Homeland Sec.*, 969 F.3d 42, 86 (2d Cir. 2020), *cert. granted sub nom. Dep't of Homeland Sec. v. New York*, 141 S. Ct. 1370 (2021), *and cert. dismissed sub nom. Dep't of Homeland Sec. v. New York*, 141 S. Ct. 1292 (2021). This factor is satisfied "where, but for the grant of equitable relief, there is a substantial chance that upon final resolution of the action the parties cannot be returned

---

[5] In a separate section of their brief, Defendants argue that a stay is necessary to give effect to Congress's intent in enacting the federal officer removal statute, 28 U.S.C. § 1447(d), and the PREP Act. (Mot. to Stay at 4-7.) They also contend that denying the stay would allow for state and federal courts to potentially generate conflicting decisions on the same subjects. (*Id.* at 4-5.) In support of this argument, they cite out-of-circuit district court decisions staying remand of similar questions pending appeal. (*Id.* at 4.) Because that argument essentially repackages the discussion that is relevant to the second *Nken* factor, the court only briefly addresses it here.

Defendants' argument is unavailing. The fact that a party may appeal from a district court decision does not dictate that the court must stay the underlying order. And the out-of-circuit district court cases that have issued stays pending appeal of remand orders based their decisions on factors that are not relevant here. In *Estate of Maglioli v. Andover Subacute Rehabilitation Center I,* for example, the District of New Jersey stayed its own consideration of a pending remand *motion*—not of a remand *order*—under particularly unusual and specific procedural circumstances. No. 21-cv-2114 (KM) (JBC), 2021 WL 2525714, at *5 (D.N.J. June 18, 2021). And in *Riggs v. Country Manor La Mesa Healthcare Ctr.*, the Central District of California stayed its own remand order *sua sponte* without analysis of the *Nken* factors (more specifically, without any analysis at all). No. 21-cv-331 (CAB) (DEB), 2021 WL 2103017, at *4 (S.D. Cal. May 25, 2021). This authority, which is not controlling on this court, is unpersuasive.

6

to the positions they previously occupied." *Brenntag Int'l Chems., Inc. v. Bank of India*, 175 F.3d 245, 249 (2d Cir. 1999).

The risks that Defendants may face if litigation proceeds in state and federal courts do not qualify as irreparable injuries. While the argument is underdeveloped in their motion, Defendants appear to contend that they will be irreparably injured if the state court litigation reaches a judgment before the Second Circuit decides their appeal, assuming the appellate panel rules in their favor.[6] The possibility of that injury, if it were to arise, is both "remote [and] speculative," and does not demonstrate a likelihood of irreparable harm. *See Nken*, 556 U.S. at 434-35 ("[S]imply showing some possibility of irreparable injury fails to satisfy the second factor."). Nor do the costs of parallel litigation constitute irreparable harm. *See Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 24 (1974) ("Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury."); *see also In re A2P SMS Antitrust Litig.*, No. 12-cv-2656, 2014 WL 4247744, at *4 (S.D.N.Y. Aug. 27, 2014) ("[The] possible expenditure of resources is not an irreparable harm; it is a harm that is attendant to most litigation."). Accordingly, Defendants have failed to satisfy the second *Nken* factor.

### C. Risk of Substantial Injury to Plaintiff if a Stay is Granted

Defendants next argue that Plaintiff does not risk incurring a "substantial injury" if the court stays remand pending appeal, and the court agrees. Plaintiff in this lawsuit has brought wrongful death and related claims and seeks money damages. (*See*

---

[6] This argument also appears to assume that the state court may improperly analyze any defenses under the PREP Act that may be raised before it. For the reasons explained in *Leroy I*, the court declines to credit that suggestion. *See* 2021 WL 3560876, at *3-6.

7

Compl.) "[B]ecause monetary injury can be estimated and compensated, the likelihood of such injury usually does not constitute irreparable harm." *Brenntag Int'l Chems., Inc.*, 175 F.3d at 249. And because Plaintiff is not seeking money damages to pay for continued care, postponed compensation—if Plaintiff is successful on the merits—would not qualify as a "substantial injury" under the law. *Cf. Leroy v. Hume*, No. 20-cv-5325 (ARR) (CLP), --- F. Supp. 3d ---, 2021 WL 4350502, at *6 (E.D.N.Y. Sept. 24, 2021) ("*Leroy II*") ("[A]ny delay in receiving money damages compounds Mrs. Leroy's harm because plaintiffs, Mrs. Leroy's guardians, need financial help to ensure Mrs. Leroy can access the care she requires *now*."). As Defendants explain, "the only potential injury that a plaintiff would face from a stay is delay in vindication of its claim." (Mot. to Stay at 11.) Because the risk of delayed compensation under these circumstances does not qualify as a "substantial injury," Defendants have satisfied the third *Nken* factor.

### D. The Public Interest

Lastly, Defendants contend that a stay would serve the public interest by facilitating appellate guidance on an unsettled question of national significance. (Mot. to Stay at 12-13.) The court finds that the public interest supports the opposite conclusion. Parties nationwide are seeking relief in state courts, and district courts have almost uniformly agreed that federal courts do not have jurisdiction to adjudicate their claims. There is a public interest in the expeditious resolution of those claims, particularly where plaintiffs seek relief to pay for continuing costs of medical and related care. *See, e.g.*, *Leroy II*, 2021 WL 4350502, at *6. Accordingly, Defendants fail to show that the fourth and final *Nken* factor weighs in their favor.

Because only the third *Nken* factor supports staying this court's remand order pending appeal, the court declines to grant Defendants' request to do so.

8

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion to stay pending appeal is DENIED. The Clerk of Court is respectfully directed to notify the Kings County Supreme Court of this decision.

SO ORDERED.

Dated:   Brooklyn, New York
         October 12, 2021

                                                    /s/ Nicholas G. Garaufis
                                                    NICHOLAS G. GARAUFIS
                                                    United States District Judge